On Rehearing
HOOD, Judge.
McDowell Well Service, Inc., instituted this suit to recover the amount of an alleged overpayment of insurance premiums. The defendants are Casualty Insurance Company of California (the insurer); Gray and Company, Inc. (the insurer’s general agent) ; and Carl Hurst Agency, Inc. (the producing agent).
Casualty and Gray answered, denying that there had been an overpayment of premiums, and they reconvened seeking to recover from plaintiff additional premiums alleged to be due. They also filed a third party demand against Hurst, asserting that a part of the debt claimed in the reconven-tional demand was owed by Hurst.
Judgment was rendered by the trial court in favor of plaintiff against all of the defendants. Casualty and Gray appealed sus-pensively from that judgment. Hurst did not appeal.
After the record was lodged in this court, plaintiff McDowell filed a motion to dismiss the suspensive appeals taken by Casualty and Gray, alleging as grounds therefor that the appeals were not timely perfected. We rendered judgment on May 10, 1972, dismissing the suspensive appeals taken by both of said defendants, but decreeing that they were valid as devolutive appeals. We subsequently granted rehearings to enable us to review and reconsider that judgment.
The motions to dismiss the suspensive appeals were argued before us on rehearing at the same time the case was argued on its merits. The matter is before us at this time to review on rehearing our earlier *649 judgment dismissing the suspensive appeals, and to consider and decide the case on its merits.

On Motion to Dismiss Appeals

The judgment appealed from was signed by the trial court on September 27, 1971. Defendants, Casualty and Gray, timely filed motions for a new trial. These motions were taken under advisement, and the minutes - of the court indicate that both motions were denied by oral order of the trial court on January 20, 1972. A formal decree denying the application for a new trial was signed by the trial judge on March 2, 1972, and the record shows that formal notices of the signing of that order were served on each counsel of record within a few days thereafter.
Defendant Gray was granted a suspensive appeal by order of the trial court dated March 2, 1972. Casualty Insurance Company was granted a suspensive appeal by order signed on March 21, 1972.
We held in our earlier judgment that an order or judgment denying a motion for new trial need not be made in writing, and that under the circumstances presented in this case LSA-C.C.P. art. 1914 did not require that notices of the judgment rendered on January 20, 1972, denying-motions for a new trial, be mailed to the parties. We concluded that the period allowed for taking a suspensive appeal began to run after the denial of a new trial on the above mentioned date, January 20, and that defendants’ motions for suspensive appeals were not timely filed. We rendered judgment, therefore, dismissing the suspensive appeals taken by defendants, but recognizing them as devolutive appeals.
The first three paragraphs of Article 1914 of the Louisiana Code of Civil Procedure provide:
“When a case has been taken under advisement by the court for the purpose of deciding whether an interlocutory order or judgment should be rendered, the clerk shall make an entry in the minutes of the court of any such interlocutory order or judgment rendered thereafter.
“If a written request for notice of the rendition of the interlocutory order or judgment in such a case has been filed, the clerk shall mail notice thereof to the party requesting it; and the latter shall have ten days from the date of the mailing of the notice to take any action or file any pleadings he deems necessary, except as provided in the next paragraph.
“If the interlocutory order or judgment is one refusing to grant a new trial, the delay for appealing commences to run only from the date of the mailing of such notice, as provided in Articles 2087 and 2123.”
Appellants rely on the third paragraph of that article. They argue that in all cases where a motion for new trial is filed and denied, the delay for appealing commences to run only from the date of the mailing of a notice of the judgment refusing to grant the new trial. They interpret the article as requiring that notice of the rendition of an order or judgment refusing to grant a new trial be given in every case.
We feel that the cited article requires the mailing of a notice of the rendition of a judgment refusing to grant a new trial only in a case where a written request for such a notice has been filed. We believe that the third paragraph of Article 1914 must be construed with the second or preceding paragraph of that article, and that the delays set out in the third paragraph apply only in cases where “a written request for notice of the rendition of the interlocutory order or judgment in such a case has been filed.” No such request was filed in the instant suit, and the delays for appealing thus commenced to run from and after the rendition of judgment refusing to grant a new trial on January 20, 1972. The appellants obviously did not apply for a suspen-sive appeal timely, and their appeals must be dismissed insofar as they purport to suspend the execution of the judgment.
*650 In view of the conclusions which we have reached as to this issue, it is unnecessary for us to consider the effect of a written notice of the rendering of the January 20, 1972, judgment refusing to grant a new trial, which notice was mailed to counsel for Gray and received by him on February 16, 1972. It is also unnecesasry for us to consider the effect of the formal notices of the signing of the March 2 decree, refusing to grant a new trial, one of which notices was served on counsel for Gray on March 13, 1972, and another such notice was served on counsel for Casualty on March 6, 1972.
We reinstate the judgment which we rendered on May 10, 1972, dismissing the sus-pensive appeals taken by defendants Gray and Casualty, but decreeing that the appeals are valid as devolutive appeals, and that they will be considered and treated as such.